```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSE JIMENEZ,                   :    CIVIL ACTION
     Petitioner,                :    NO. 08-0427
                                :
                                :
     v.                         :
                                :
UNITED STATES OF AMERICA,       :    CRIMINAL ACTION
                                :    NO. 04-63
     Respondent.                :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                MAY 7, 2009

      Petitioner Jose Jimenez ("Petitioner") is serving a 120-month term of imprisonment for an offense involving the possession and distribution of cocaine base ("crack"). He now seeks the reduction of his sentence to reflect Amendment 706 to the United States Sentencing Commission Guidelines (the "Guidelines"), which altered § 2D1.1 of the Guidelines to reduce the sentencing ranges applicable to crack offenses. Because Petitioner was sentenced based on a mandatory minimum term of imprisonment that is unaffected by Amendment 706, his motion will be denied.

I.   BACKGROUND

      Petitioner was charged by an indictment for distribution of approximately 124 grams of crack, in violation of

-1-

21 U.S.C. § 841(a)(1) and § 841(b)(1)(A).  This offense carries a mandatory minimum 120-month term of imprisonment.  Accordingly, on June 13, 2005, the district court sentenced Petitioner to the mandatory minimum of 120 months imprisonment.

II.  MOTION FOR RESENTENCING

Petitioner moves, pursuant to 18 U.S.C. § 3582, for a reduction of his sentence because of recent changes to the Guidelines in the treatment of offenses involving crack.

    A.    Petitioner's Sentence Was "Based On" a Mandatory Minimum Sentence, Not the Applicable Guidelines, <u>Rendering Section 3582(c)(2) Inapplicable.</u>

Petitioner argues he is entitled to a two level sentence reduction under Amendment 706 of the Guidelines.  On November 1, 2007, the United States Sentencing Commission (the "Commission") adopted Amendment 706 to the Guidelines to address what the Commission had come to view as unwarranted disparities in the sentences of defendants who possess or distribute various forms of cocaine.  Prior to November 1, 2007, the Guidelines provided for a 100-to-1 ratio in sentences for crimes involving cocaine powder compared to those involving crack.[1]

---

[1]    This ratio was derived from the 100-to-1 ratio created by Congress in its statutory mandate of minimum sentences for cocaine offenses.  <u>See</u> Anti-Drug Abuse Act of 1986, 21 U.S.C. § 841(b)(1) (requiring a five-year mandatory minimum penalty for a first-time trafficking offense involving 5 grams or more of

Under the November 1, 2007 amendment, the ratio between powder and crack sentences has been decreased.  For example, 150 kilograms of cocaine powder is now treated as the equivalent of 4.5 kilograms of crack.  U.S.S.G. § 2D1.1(c)(1) (2007).  The bottom line for individual defendants is that a defendant sentenced under § 2D1.1 for a crack offense after November 1, 2007 receives a base offense level that is two levels lower than what he would have received for the identical offense if he had been sentenced before the November 1, 2007 amendment.  2 Federal Sentencing Guidelines Manual App. C 1160 ("Appendix C").

Section 3582(c)(2) provides the authority to reduce a sentence only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. §3582(c)(2).  The applicable policy statement, § 1B1.10(a), provides that if "the guideline range applicable to th[e] defendant has . . . been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below," a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).  U.S.S.G. § 1B1.10(a).

Accordingly, a reduction in sentence is not authorized under § 3582(c)(2) if an amendment is applicable to a defendant but "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another

---

crack, or 500 grams of powder cocaine).

guideline or statutory provision (e.g., a statutory mandatory term of imprisonment)."  U.S.S.G. § 1B1.10 n.1(A)(ii); see, e.g., United States v. Peters, 524 F.3d 905, 906-07 (8th Cir. 2008) (holding reduction in sentence for a crack violation was inappropriate when the defendant was sentenced to the statutory mandatory minimum); United States v. Jones, 523 F.3d 881, 882 (8th Cir. 2008) (same); United States v. McGuire, 524 F.3d 891, 892 (8th Cir. 2008) (same); United States v. Hanlin, 48 F.3d 121, 125 (3d Cir. 1995) (upholding sentence when the defendant was sentenced to the statutory mandatory minimum).

Petitioner's motion must be denied because the Court lacks the authority under § 3582 to reduce Petitioner's sentence.  Here, Petitioner is not eligible for a reduction under Amendment 706 because he was not sentenced based on a guideline range, but rather on the 120-month mandatory minimum term of imprisonment required under § 841(a)(1) and § 841(b)(1)(A).  As a result, Amendment 706 does not affect Petitioner's sentence and his instant motion will be denied.

III. CONCLUSION

For the reasons set forth above, the motion for a reduction in sentence will be denied.  An appropriate order follows.