```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOSE JIMENEZ,                   :     CIVIL ACTION
                                :     NO. 08-0427
     Petitioner,                :
                                :
     v.                         :
                                :
UNITED STATES OF AMERICA,       :     CRIMINAL ACTION
                                :     NO. 04-63
     Respondent.                :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                   MAY 8, 2009

       Petitioner Jose Jimenez, filed this habeas corpus petition under 28 U.S.C. § 2255, collaterally attacking his sentence and asking the Court to vacate, set aside, or correct it.  Petitioner alleges the following: (1) he was denied effective assistance of counsel, in violation of his Sixth Amendment rights; and (2) he is entitled to re-sentencing, pursuant to 18 U.S.C. § 3582, to reflect Amendment 706 to the United States Sentencing Commission Guidelines which altered § 2D1.1 of the Guidelines to reduce the sentencing ranges applicable to crack offenses.

       In addition, Petitioner filed a motion for modification of sentence, pursuant to 18 U.S.C. § 3582, raising the same re-sentencing arguments alleged in his § 2255 habeas corpus petition.  (Doc. no. 66).  The Court considered and denied the re-sentencing arguments the disposition of Petitioner's § 3582

motion (doc. no. 70).

For the following reasons, Petitioner's § 2255 motion, predicated upon ineffective assistance of counsel, will be denied.

I. **BACKGROUND**

Petitioner was charged by an indictment for distribution of approximately 124 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). This offense carries a mandatory minimum 120-month term of imprisonment. On October 28, 2004, Petitioner entered an open plea to the indictment. At the plea hearing, the Court admonished him as to the effect of his guilty plea, pursuant to Federal Rule of Criminal Procedure Rule 11. (Doc. no. 56). On June 13, 2005, Petitioner was sentenced by the Court to 120 months imprisonment, 5 years supervised release, and a special assessment of $500. On appeal, the Court's judgment was affirmed by the Third Circuit. (Doc. no. 60).

II. **ANALYSIS**

Section 2255 allows a prisoner in custody to attack his sentence if it was imposed in violation of the Constitution or statute, the court lacked jurisdiction to impose it, it exceeds the maximum allowed by law, or it is otherwise subject to collateral attack. See 28 U.S.C. § 2255. The petitioner is

entitled to an evidentiary hearing as to the merits of his claim unless it is clear from the record that the petitioner is not entitled to relief.  See United States v. Victor, 878 F.2d 101, 103 (3d Cir. 1989).  Here, Petitioner is not entitled to an evidentiary hearing because it is clear from the record that his § 2255 petition should be denied for the reasons that follow.

During the trial and his appeal, Petitioner was represented by attorney Jose Luis Ongay.  Petitioner argues that his counsel was ineffective for failure to challenge the Government's pre-trial motion to admit consensually recorded tapes between a cooperating witness and Petitioner  (doc. no. 20).  The motion sought to show compliance with the Starks factors by properly authenticating the tape recordings.[1]  Importantly, the Court did not rule upon this motion because Petitioner agreed to plead guilty prior to the adjudication of pre-trial motions.  Petitioner alleges that because he was "misinformed by his counsel of the potential or probable defense" to the admission of this evidence by the Government, his guilty plea was not entered voluntarily and knowingly.

In order to prevail upon an ineffective assistance of counsel claim, a petitioner must meet the two-pronged test set

---

[1]   For a full discussion of the Starks factors as set forth in United States v. Starks, 515 F.2d 112 (3d Cir. 1975), see infra p. 6, at footnote 2.

forth in Strickland v. Washington, 466 U.S. 668 (1984).  First, a petitioner must show that his counsel's performance was deficient.  Id. at 687.  This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Id.

Second, a petitioner must show that the deficient performance prejudiced the defense.  Id.  Individuals who plead guilty may raise a claim for ineffective assistance of counsel.  Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Nahodil, 36 F.3d 323, 327 (3d Cir. 1994).  In such cases, the question for the purpose of evaluating prejudice is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  Hill, 474 U.S. at 59.  In order to satisfy this requirement, the petitioner must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Id.

The Court will deny Petitioner's ineffective assistance of counsel claim.  Even assuming that failure of Petitioner's counsel to challenge the Government's pre-trial motion constitutes deficient performance, Petitioner fails to establish that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.

Notably, Petitioner contends that because he was misinformed of "the defense" to the Government's pre-trial motion

to admit the tape recordings, his guilty plea was entered "not knowingly." (Doc. no. 63). Construing this assertion liberally, Petitioner avers that he was prejudiced by counsel's ineffective representation because he would have not entered a guilty plea if his attorney had challenged Government's pre-trial motion. Petitioner's claim, however, presupposes that an attempt by counsel to exclude the tape recordings for failure to properly authenticate the tapes would have been granted. Significantly, Petitioner points to no evidence that any such attempt would have been successful.

The burden of proof for authentication is slight. United States v. Reilly, 33 F.3d 1396, 1404 (3d Cir. 1994) (quoting Link v. Mercedes-Benz of North America, Inc., 788 F.2d 918, 927 (3d Cir. 1987)). Pursuant to Federal Rule of Evidence 901(a), "the requirements of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Importantly, "there need only be a prima facie showing, to the court, of authenticity, not a full argument on admissibility." United States v. Goichman, 547 F.2d 778, 784 (3d Cir. 1976). Once such a showing is made, the evidence goes to the jury and the jury "will ultimately determine the authenticity of the evidence, not the court." Id.

Here, the Government's motion to admit the tape

recordings (doc. no. 20) avers the following: (a) the recording devices used were capable of recording accurately the conversations; (b) the operator of the recording devices was competent; (c) the tape recordings are authentic and correct; (d) there have been no changes in, additions to, or deletions from the tape recordings; (e) the tape recordings have been properly preserved; (f) the speakers on the tape recordings are properly identified; (g) the consenting party to the recordings freely and voluntarily consented to the tape recording of the conversations; and (h) the transcripts of the tape recordings accurately represent the conversations on the tape recordings and accurately identify the speakers and parties to the tape recorded conversations.[2]

     Petitioner does not assert or make any showing that

---

[2] These averments correspond to the factors articulated by the Third Circuit in United States v. Starks, 515 F.2d 112 (3d Cir. 1975), relevant to the determination of authenticity of recordings. In Starks, the Third Circuit held that "the burden is on the government 'to produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of such recordings.'" Id. at 121 (quoting United States v. Knohl, 379 F.2d 427, 440 (2d Cir. 1967)).

Starks was decided before the adoption of Federal Rule of Evidence 901(a), which took effect on July 1, 1975, governing the authentication of evidence. United States v. Stillis, No. 04-680-03, 2006 U.S. Dist. LEXIS 41949, at *5 (E.D. Pa. June 22, 2006). The standard set forth in Rule 901(a) supersedes the "clear and convincing" burden of proof necessitated by Starks. Nonetheless, the factors articulated in Starks remain relevant to the Rule 901(a) authenticity determination.

these averments were untrue, or that any recording was fake, inaccurate or altered.  In the absence of any such assertion, Petitioner is unable to establish that any effort of his counsel to suppress the tape recordings would have been successful.  On these facts, had the Court considered the Government's pre-trial motion to admit the tape recordings, the Government would have met the low burden for authentication under 901(a) and any effort by Petitioner's counsel to suppress the tape recordings on authentication grounds would have been denied.  Accordingly, the Court finds that Petitioner was not prejudiced by his counsel's failure to challenge the Government's motion to admit tape recordings.  Because Petitioner fails to satisfy <u>Stickland</u>, Petitioner's claim is denied.

    An appropriate order follows.